IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM S. RANEY,

                                                OPINION AND ORDER

                    Plaintiff,
                                                21-cv-485-bbc

          v.

ANDREW TAYLOR, CHRISSY TAYLOR
AND KEEFE GROUP LLC,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff and prisoner Adam S. Raney has filed a pro se civil action, contending

that he and other inmates in the custody of the Wisconsin Department of Corrections

have been treated unfairly by the company that supplies tablet computers to inmates.

Specifically, he alleges that he purchased a tablet for $125 from defendant Keefe Group

LLC, which is operated by defendants Andrew Taylor and Chrissy Taylor, based on

defendants' advertisement that he could use the tablet to send emails and messages to his

family and friends for five cents per message.  A few months after plaintiff purchased the

tablet, defendants raised the fee for emails and messages to ten cents.  Plaintiff contends

that defendants' action in raising the email fee violated his rights under federal and state

law.

     Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to

determine whether it is frivolous, malicious, fails to state a claim upon which relief may

be granted or seeks monetary relief from a defendant who is immune from such relief.  (I

1

will consider plaintiff's most recent amended complaint, dkt. #20, to be the operative pleading for screening.)  As explained below, plaintiff's complaint fails to state any claim against defendants under federal law.  In addition, he has failed to allege facts showing that this court has jurisdiction over his state law claims.  Therefore, I must dismiss plaintiff's case.

OPINION

A.  Federal Claims

Plaintiff contends that defendants violated his rights under two federal statutes: the Lanham Act and the Federal Trade Commission Act.  He says that defendants engaged in fraud and false advertising by inducing him to purchase a tablet and then raising the fee for emails and messaging without warning him that the price could increase.

The Lanham Act governs trademarks, service marks and unfair competition.  15 U.S.C. § 1125(a).  It is intended to protect individuals and businesses from the unfair practices of competing businesses.  To have standing to allege a false advertising claim under the Lanham Act, "a plaintiff must allege an injury to a commercial interest in reputation or sales."  Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 131–32 (2014).  In this case, plaintiff is alleging that he was injured as a consumer of defendants' product and services, not as a competitor.  However, consumers cannot bring false advertising claims under the Lanham Act.  Id. ("A consumer who is

hoodwinked into purchasing a disappointing product . . . cannot invoke the protection of the Lanham Act.").  Thus, plaintiff's allegations do not state a false advertising claim under the Lanham Act.

Plaintiff's allegations also do not state a claim under the Federal Trade Commission Act.  The Federal Trade Commission Act prohibits "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."  15 U.S.C. § 45(a)(1).  However, the Federal Trade Commission Act does not create a private cause of action—it is enforced by the Federal Trade Commission.  In other words, individuals cannot sue to enforce the Federal Trade Commission Act.  Bell v. Publix Super Markets, Inc., 982 F.3d 468, 474 (7th Cir. 2020).

Plaintiff identifies no other federal claims in his amended complaint, and no other federal laws are implicated by his allegations.

## B.  State Law Claims

Plaintiff contends that defendants' actions also violated state law: Wisconsin's Deceptive Trade Practices Act, Wis. Stat. § 100.18, and common law rules against fraudulent representations.  However, because plaintiff has failed to state any claims under federal law, this court can exercise jurisdiction over his state law claims only if there is diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction has two requirements: (1) the plaintiff and defendants must be citizens of different states; and (2) there must be more than $75,000 in controversy.  Plaintiff might be able to satisfy the

first requirement, because he alleges that he is a citizen of Wisconsin and that defendants are citizens of Missouri.  Because Keefe Group LLC is a limited liability company, plaintiff would have to provide more information about the members of Keefe Group LLC before the court could determine with certainty that the parties have diverse citizenship.  Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.").

However, even assuming that plaintiff could show that the parties are diverse, he cannot show that there is more than $75,000 in controversy.  Plaintiff alleges that he spent $125 on a tablet, and that he has been overcharged by five cents for each email and message that he has sent.  Plaintiff's damages would reach $75,000 only if plaintiff had sent hundreds of thousands of emails, which plaintiff does not allege.  Accordingly, he has not alleged facts sufficient to establish jurisdiction over his state law claims under 28 U.S.C. § 1332.  If plaintiff wants to proceed with his state law claims, he must proceed in state court.

ORDER

IT IS ORDERED that

1.  Plaintiff Adam S. Raney's complaint is DISMISSED for failure to state a federal claim upon which relief may be granted.

2.  The clerk of court is directed to record a strike under 28 U.S.C. 1915(g).

3.  The clerk of court is directed to enter judgment and close this case.


Entered this 28th day of January, 2022.


                                    BY THE COURT:

                                    /s/

                                    _____
                                    BARBARA B. CRABB
                                    District Judge